Filed 5/12/14  In re R.A. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re R.A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,  Plaintiff and Respondent,  v.  R.A.,  Defendant and Appellant. | A139861  (Solano County   Super. Ct. No. J41876) |

After the San Francisco Superior Court found that appellant R.A., a ward of the court, had committed acts constituting the felony offenses of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)) and assault by force likely to cause great bodily injury (Pen. Code. § 245, subd. (a)(4)), the case was transferred to the Superior Court in Solano County, appellant's county of residence, for disposition.  The Solano County Superior Court continued appellant as a ward of the court and committed him to juvenile hall for 120 days, and thereafter to be released to the custody of his mother under the supervision of the probation department.

Appellant's counsel has briefed no issues and asks us to independently review the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  As required by *People v. Kelly* (2006) 40 Cal.4th 106, 124, we affirmatively note that appellant has been informed of his right to file a supplemental brief and he has not filed such a brief.  We have examined the entire record in accordance

1

with *Wende*.  Because we find no issues that require further briefing, we affirm the jurisdictional order of August 13, 2013 and the dispositional order of September 3, 2013.

On September 28, 2011, the Contra Costa Superior Court declared appellant, then 14 years old, a ward of the court under section 602 of the Welfare and Institutions Code[1] after finding that he committed the act of first degree residential burglary (Pen. Code, §§ 459, 460).  Appellant was released to his mother's custody under the supervision of the county probation department with no expiration date.  On January 31, 2013, the case was transferred to Solano County because of a change of residence of appellant and his mother.

On July 23, 2013, the San Francisco County district attorney filed the current section 602 petition alleging that appellant had committed acts constituting the felony offense of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)), assault by means of force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4)), as a felony offense, and the misdemeanor offense of destroying or concealing evidence (Pen. Code, § 135).

At a contested jurisdictional hearing on August 13, 2013, the juvenile court heard testimony from the victim of the robbery and assault, and San Francisco Police Officers Janice Sampol and Steven Needham. The victim testified that on the evening of July 19, 2013, she was waiting for a bus when she was joined by two young men, one of whom she later identified as appellant.  While the victim was standing with her cell phone in both hands, sending a text message, appellant approached and with an open palm struck the cell phone causing it to fall to the ground.  Both appellant and the victim grabbed for the phone.  Appellant grabbed the phone first, and the victim grabbed appellant's shirt collar.  They struggled for a short time and then appellant with a closed fist punched the victim in her face, hitting her upper lip and causing it to swell and bruise inside.  Stunned by the blow, the victim released appellant and he and the other man fled with the victim

---

[1]     All further unspecified statutory references are to the Welfare and Institutions Code.

in pursuit. During the pursuit, the victim saw a marked police car, pointed to the men and said, "That's them," and the police car sped off after the men.

Ultimately, Officer Needham detained and arrested appellant. During a search of appellant's person, the police found an iPod in a distinctive case. After he was read his *Miranda* rights, appellant asked for a lawyer. While the police officers were waiting for transportation to take appellant to jail, the officers spoke among themselves, commenting that one of the officers had found an iPod with a distinctive case. Appellant stated the iPod belonged to his girlfriend and he wanted it back. When Officer Needham said the iPod would not be returned, appellant offered to tell the officers where the victim's phone was located if they returned the iPod to him. The officers then allowed appellant to show them the location of the victim's phone and the phone was later returned to the victim. About an hour after the robbery, Officer Sampol took the victim to the street where appellant was being detained and the victim identified appellant because she remembered his face and clothing.

The juvenile court found true beyond a reasonable doubt that appellant had committed acts constituting second degree robbery and assault by means of force likely to cause great bodily injury as felony offenses. The court noted the victim was an "extremely credible" witness, and that all of her testimony was "corroborated" by the police officers. The court dismissed the charge of destroying or concealing evidence because it was not sure that appellant had tried to hide or conceal the victim's phone. In so ruling, the court noted "[appellant] may have dropped the phone, I don't know. He certainly helped the officers find the phone." The case was transferred to Solano County for disposition.

At the dispositional hearing on September 3, 2013, the juvenile court continued appellant as a ward of the court and committed him to juvenile hall for 120 days (with credit for time served of 47 days), and with an order that the last 30 days might be served on electronic monitoring in lieu of juvenile hall. On completion of his juvenile hall commitment, appellant would be released to the custody of his mother under the supervision of the probation department. The court also committed appellant to juvenile

hall for an additional five mandatory weekends, which could be excused by the probation officer if appellant was in compliance with the terms of his probation.  The court imposed other probationary conditions including that appellant attend mandatory anger management counseling and submit weekly school attendance and progress reports to the probation department for 60 days and thereafter at the probation officer's discretion. Appellant was ordered to pay the statutorily mandated minimum restitution fine of $100. (§ 730.6, subd. (b).)

We agree with appellant's counsel that there are no issues requiring further briefing.  Appellant was represented by counsel in the juvenile court and received fair hearings.  Substantial evidence supports the juvenile court's findings that appellant committed acts constituting second degree robbery and assault by means of force likely to cause great bodily injury as felony offenses.  The record does not reflect any error or abuse of discretion in the disposition.

## DISPOSITION

The jurisdictional and dispositional orders are affirmed.

_____
Jenkins, J.

We concur:

_____
Pollak, Acting P. J.

_____
Siggins, J.

4